UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAZVAN HOTARANU and LUIS FELIX, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

  -against-

STAR NISSAN INC., JOHN KOUFAKIS SR., JOHN KOUFAKIS JR., STEVEN KOUFAKIS, and MICHAEL KOUFAKIS,

        Defendants.
----------------------------------------------------------------X

O R D E R

16 CV 5320 (KAM) (RML)

LEVY, United States Magistrate Judge:

      On February 16, 2018, the parties in this wage and hour action informed the court that they had reached a settlement in principle.  (See Letter Regarding Settlement, dated Feb. 16, 2018, Dkt. No. 47.)  The parties have sought guidance, however, as to whether the court would permit a bifurcated settlement structure.  The parties wish to enter into two agreements: one that will settle plaintiffs' Fair Labor Standards Act ("FLSA") claim and another that will settle "all of Plaintiffs' non-FLSA claims."  (Id.)  The non-FLSA claims include claims for unpaid overtime under the New York Labor Law ("NYLL") and a breach of contract claim.  (Id.)  While the parties would submit the first agreement for approval, they would withhold the second "as court approval of non-FLSA claims is not required."  (Id.)

      As the parties note, several courts have accepted the idea of a "bifurcated" settlement in which parties settle their FLSA claims in an agreement that undergoes Cheeks review[1] and their NYLL and other non-FLSA claims separately without Cheeks review.  See Yunda v. SAFI-G, Inc., No. 15 CV 8861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017)

---

[1] See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that stipulated dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) settling FLSA claims with prejudice require court or U.S. Department of Labor approval to take effect).

("Cheeks is silent on the issue presented here, namely, whether the limitations applicable to the settlement of an FLSA claim apply to the settlement of a parallel NYLL claim. Because the settlement of the FLSA claim is subject to the same review that is applicable in cases where there is a single settlement agreement, I conclude that the mechanism proposed by the parties does not run afoul of Cheeks. The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval."); Abrar v. 7-Eleven, Inc., No. 14 CV 6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) ("[T]he parties propose a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against 7-Eleven for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of . . . Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under Cheeks.")

I agree with these courts that separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not *generally* be subject to court approval, insofar as their terms concerned only the non-FLSA claims. My concern is that, absent an opportunity to review a separate settlement agreement in this case, the court has no way to determine whether the agreement contains other conditions relating to or otherwise affecting the FLSA claims that would be impermissible if executed in an FLSA settlement agreement.[2] See Gallardo v. PS Chicken, No. 17 CV 3702, 2018 WL 661552, at *2–*3 (E.D.N.Y. Jan. 25, 2018).

---

[2] I note that this concern was likely not an issue in Yunda because the parties in that case submitted the NYLL agreement to the court prior to the court's decision. Thus, that court had the opportunity to verify that there were no terms in the NYLL agreement that improperly affected the FLSA claims, even though it did not undertake to "examine" the NYLL settlement. See Yunda, 2017 WL 1608898, at *1–2.

The parties' proposal could, as conceived, effect an end-run around <u>Cheeks</u> review.[3] I am concerned that such a circumvention, if unchecked, could become standard practice, effectively undermining the courts' statutory obligation to oversee the settlement of FLSA claims. I therefore order the parties to either (1) execute one settlement agreement of all FLSA and non-FLSA claims and submit it for the court's fairness review; or (2) execute two separate agreements for FLSA and non-FLSA claims, but submit both agreements to the court for a fairness review. So long as the non-FLSA agreement's terms do not affect the FLSA claim, it will not be subject to a full <u>Cheeks</u> review.[4] Absent its submission to the court, however, there would be no way for the court to verify the true scope of the second agreement.

I wish to emphasize that the court has no preference between these two options. The parties are hereby directed to execute and submit all settlement agreements to the court by March 31, 2018.

SO ORDERED.

Dated: Brooklyn, New York
February 27, 2018

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[3] The court does appreciate, however, that the parties sought the court's guidance on this matter, rather than simply deciding that such a structure was acceptable and withholding the non-FLSA agreement from the court's review. <u>See, e.g.</u>, <u>Gallardo v. PS Chicken</u>, 2018 WL 661552, at *1.

[4] That is, the second agreement, if truly limited to non-FLSA claims, may still contain terms that would be impermissible in an FLSA agreement.